**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

DANIEL WEDDINGTON                                                      PLAINTIFF

v.                                      2:20-cv-00011-JJV

ANDREW SAUL,
Commissioner,
Social Security Administration,                                 DEFENDANT

**<u>MEMORANDUM AND ORDER</u>**

      Mr. Weddington has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments. (Tr. 14-23.) Both parties have submitted briefs and the case is ready for a decision.

      This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

      In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

      The history of the administrative proceedings and the statement of facts relevant to this

decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Mr. Weddington was forty-three years old at the time of the administrative hearing. (Tr. 33.) He testified he went to the twelfth grade in school and earned a general equivalency diploma. (*Id*.) He has past work as an order puller at a grocery store. (Tr. 21, 34.)

The ALJ[1] found Mr. Weddington had not engaged in substantial gainful activity since April 12, 2017 – the application date. (Tr. 16.) He has "severe" impairments in the form of "arthritis of the right ankle and knees, carpel tunnel syndrome, degenerative disease of the lumbar spine, diabetes mellitus, neuropathy, gout, hypertension, and obesity." (*Id.*) The ALJ further found Mr. Weddington did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]

The ALJ determined Mr. Weddington had the residual functional capacity to perform a reduced range of sedentary work given his physical impairments. (Tr. 17.) The ALJ next determined Mr. Weddington could no longer perform his past work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 49-53.) Based in part on the testimony of the vocational expert, the ALJ

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

determined that he could perform the jobs of phone clerk and surveillance monitor – despite his physical limitations. (Tr. 22.) Accordingly, the ALJ determined Mr. Weddington was not disabled. (Tr. 22-23.)

The Appeals Council received additional evidence and then denied Mr. Weddington's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 2-6.) Mr. Weddington then filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ's residual functional capacity assessment is not supported by the evidence. (Doc. No. 10 at 18.) More specifically, Plaintiff argues that the ALJ improperly discounted the opinions of his treating physicians, Leon Waddy, Jr., M.D. and Susan Wanda Balke, D.O. (Doc. No. 10 at 18-20.)

Dr. Balke completed a Medical Source Statement whereby she indicated Plaintiff was extremely limited. (Tr. 475-477.) She concluded, *inter alia*, Mr. Weddington was unable to lift more than 10 pounds or stand for more than 10 minutes. (Tr. 475.) Dr. Balke also reported Plaintiff would likely miss more than 3 days of work per month. (Tr. 476.) If fully credited, Dr. Balke's opinions would likely mean that Plaintiff was disabled. However, the ALJ found Dr. Balke's opinion only "marginally persuasive" because her opinions were "inconsistent with the treatment records showing the claimant presented only for routine medication refills and is not supported by the record showing no need for emergent treatment during the period at issue." (Tr. 20.)

After careful review, I find the ALJ's assessment of Dr. Balke's Medical Source Statement to be supported by substantial evidence. In fact, there is little evidence from Dr. Balke to support her statements of severe limitation. (Tr. 480-482.) The medical evidence

shows Plaintiff's most significant impairment is with his back.  However, MRI results show nothing disabling.  (Tr. 358-359.)  And the ALJ accounted for this when determining Mr. Weddington was only capable of performing sedentary work.

And with regard to his diabetes and hypertension, as the Commissioner points out, it is significant that Mr. Weddington has not been compliant with treatment and medication.  Failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits.  *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).

Dr. Waddy also provided a written note reporting, ". . . this patient in my opinion is unable to work due to his many medical problems of Diabetes, Hypertension, weakness and diffuse neuropathy."  (Tr. 468.)  In evaluating this evidence, the ALJ stated, "The undersigned does not find his opinion persuasive, as it is conclusory and does not provide any assessment of the claimant's functional limitations.  Further, the opinion is inconsistent with evidence showing noncompliance with a diabetic diet and is not supported by evidence showing normal gait."  (Tr. 19.)  For the same reasons recited above, I agree with the ALJ and find Dr. Waddy's opinion to be equally unpersuasive.

The Commissioner argues that the new regulations ". . . will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . ." *See* 20 C.F.R. § 416.920c(a) (2017). "Rather, the ALJ focuses on the persuasiveness of the medical opinion using the following five factors: (1) Supportability; (2) Consistency; (3) Relationship with the claimant; (4) Specialization; and (5) Other factors. See 20 C.F.R. § 416.920c(a)-(c) (2017)." (Doc. No. 11 at 13-14.)  Regardless of "deference," a treating physician is entitled to

substantial weight because of those factors outlined above.  So, I still find persuasive (and applicable to this case) this Circuit's caselaw that states:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding.  20 C.F.R. § 404.1527(c)(2).  Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight.  *Id.*  "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions."  *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted).  Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion.  20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

In this case, the ALJ had fair reasons to discount both treating doctors' opinions. As previously stated, for Dr. Waddy's opinion, the ALJ states, "The undersigned did not find this opinion persuasive, as it is conclusory and does not provide any assessment of the claimant's functional limitations. Further, this opinion is inconsistent with evidence showing noncompliance with a diabetic diet and is not supported by evidence showing normal gait." (Tr. 19) For Dr. Balke's opinion, the ALJ points out that the opinion, "is inconsistent with treatment records showing the claimant only presented for routine medication refills and is not supported by the record showing no need for emergent treatment during the period at issue. Further, these limitations were given on a checkbox form without significant narrative explanation and with no citation to supporting evidence in the record" (Tr. 20.)  The ALJ is right. Both opinions are conclusory and provide no evidence from the record to support their conclusions. As the Defendant correctly points out, conclusory statements and checklists are "entitled to little weight in the evaluation of disability." *Taylor v. Chater,* 118 F.3d 1274, 1279 (8th Cir. 1997).

The ALJ carefully evaluated the doctors' opinions as compared to the medical evidence. For example, Jerry Thomas, M.D., and Charles Friedman, M.D., found that Mr. Weddington could perform a light range of work. (Tr. 73-82, 93-95.) But the ALJ found these opinions only marginally persuasive because they did not have information about Mr. Weddington's carpal tunnel syndrome and other limitations at the time of their review. (Tr. 21). Realizing Dr. Thomas and Dr. Friedman reviewed only the medical evidence and did not have the benefit of actually examining Mr. Weddington, their opinions that Plaintiff was capable of performing a light range of work, along with the subsequent evidence showing that Plaintiff was only capable of sedentary work, constitutes substantial evidence upon which the ALJ could rely.

Plaintiff also argues that the ALJ failed to develop the record by not asking Drs. Waddy and Balke to clarify their opinions. (Doc. No. 10 at 20.)  Plaintiff bears a heavy burden in showing the record has been inadequately developed.  He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  Plaintiff has shown neither.  The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision.  *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  In this case, the record contains ample medical records to support the ALJ's decision that Plaintiff is capable of performing sedentary work. Moreover, Plaintiff is reminded he had the burden of proving his disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, he bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

Mr. Weddington has a long list of impairments and clearly suffers from some degree of pain and limitation.  But I find the ALJ adequately accounted for the combination of these

impairments with his calculation that Plaintiff could perform a reduced range of sedentary work. (*Id.*)

Plaintiff has advanced other arguments - including that the ALJ's hypothetical question posed to the vocational expert was flawed - which I find are without merit.  The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Mr. Weddington's counsel has done an admirable job advocating for him.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 6th day of August 2020.

                                                                                    _____
                                                                                    JOE J. VOLPE
                                                                                    UNITED STATES MAGISTRATE JUDGE